STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss                                          CIVIL ACTION
                                                        DOCKET NO. CV-2001-352

PACE LOCAL 1-1069
            Plaintiff

vs.

SPINNAKER COATING, INC.; SPINNAKER          ORDER ON PLAINTIFF'S
COATING-MAINE, INC., d/b/a/ SPINNAKER       MOTION FOR ATTACHMENT
COATING; and SPINNAKER INDUSTRIES, INC.

and

LYNCH MANUFACTURING CORPORATION and
LYNCH CORPORATION
            Defendants

The plaintiff's motion for ex parte attachment was denied on 6/26/01. The plaintiff's motion for reconsideration of the denial of the motion for ex parte attachment was denied on 7/3/01. After notice to the defendants and an opportunity to respond, argument was held on 7/6/01 on the plaintiff's motion for attachment. For the following reasons, the motion is denied.

The plaintiff's suit against the defendants is "an action . . . for failure to pay severance pay pursuant to the Maine Severance Pay Statute, 26 M.R.S.A. § 625-B." Complaint at 2. The parties' Collective Bargaining Agreement contains no provision for severance pay. See First Affidavit of Frank E. Porter, III, ¶ 11. Any severance pay due to the plaintiff's members would be due 7/22/01. See Complaint, ¶¶ 18, 19; Attachment A to First Affidavit of Frank E. Porter, III; 26 M.R.S.A. § 625-B(2)(1988).

Assuming that there is an action for anticipatory breach of a statutory remedy,

the plaintiff has failed to show on this record a likelihood of success on the merits and obtaining a judgment in the amount of $1,166,483.44. See id.; Affidavit of Jan N. Bellfleur, ¶¶ 2-4; Wholesale Sand & Gravel, Inc. v. Decker, 630 A.2d 710, 711 (Me. 1993; Martell Bros., Inc. v. Donbury, Inc., 577 A.2d 334, 337 n.1 (Me. 1990). This record does not show "a definite and unequivocal manifestation" on the part of defendants that they will not honor the terms of the statute if it applies. See Wholesale Sand, 630 A.2d at 711. Rather, the record reveals that during their negotiations, the parties disagree on, among other things, whether severance pay is based on employment at Spinnaker, SAPPI, and S.D. Warren or at Spinnaker only. See Affidavit of Don Carmody, ¶¶ 7-12; Second Affidavit of Frank E. Porter, III, ¶¶ 2, 5, 10, 11,13; Third Affidavit of Frank E. Porter, III, ¶¶ 2- 3. Unlike the actions of the defendants in the Railway Labor Executives case cited by the plaintiff[1], the action taken to date by the defendants in this case is to disagree with the plaintiff's calculation of any severance pay due on 7/22/01.

The entry is

The Plaintiff's Motion for Attachment is DENIED.

Date: July 8, 2001

_____
Nancy Mills
Justice, Superior Court

---

[1]The plaintiff cites Railway Labor Executives Ass'n v. Boston & Maine Corp. as support for its argument that a remedy is available for anticipatory breach of a statute. In that case, the union representatives sought an injunction to protect the rights of union members. The court determined that the railroad carriers' abolishment of jobs violated the Railway Labor Act and the collective bargaining agreements; the permanent job abolishments were a "deliberately calculated, anticipatory breach" of the carriers' obligations under the Railway Labor Act and the agreements. See Railway Labor Executives Ass'n v. Boston & Maine Corp., 639 F. Supp. 1092, 1109 (D.Me. 1986). The court ordered that the affected employees were entitled to be returned to work and to receive back pay. See id. at 1110.